IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

**REBECCA BRIDGES, as personal representative of the estate of CODY HEALEY, deceased, for the benefit of his survivors and estate,**

CASE NO.: 16-CA-002013
FLA BAR NO.: 0739685

  Plaintiff,

v.

**DAVID MORGAN, in his official capacity as SHERIFF, ESCAMBIA COUNTY, FLORIDA; ERIC ANDERSON, individually; and JOHN BEARD, individually,**

  Defendants.

_____/

## AMENDED COMPLAINT

  Plaintiff, REBECCA BRIDGES, as personal representative of the estate of CODY HEALEY, deceased, for the benefit of his survivors and estate, for her Amended Complaint, hereby sues Defendants, DAVID MORGAN, in his official capacity as SHERIFF, ESCAMBIA COUNTY, FLORIDA; ERIC ANDERSON, individually; and JOHN BEARD, individually, and alleges:

### NATURE OF THE ACTION

  1. This is an action brought under §768.16, *et seq.*, Fla.Stats. (Florida's Wrongful Death Act), for intentional tort resulting in death, as described in §782.04, Fla.Stats. (Murder) or §782.07, Fla.Stats. (Manslaughter); and under 42 U.S.C. §1983, for Defendants' violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution, applicable to states and state agencies through the Fourteenth Amendment.

  2. All events pertinent to this action took place in Escambia County, Florida.

**EXHIBIT A**

**PARTIES**

3. At the time of his death, CODY HEALEY ("the Decedent") was a disabled adult and resident of Escambia County, Florida. Plaintiff, REBECCA BRIDGES f/k/a Rebecca Healey, brings this action as personal representative of the estate of the Decedent, for the benefit of his survivors and estate.

4. At all times pertinent hereto, Defendant, DAVID MORGAN, in his official capacity as SHERIFF, ESCAMBIA COUNTY, FLORIDA ("the SHERIFF"), has been organized and existing under the laws of Florida as a law enforcement agency known as the Escambia County Sheriff's Office, and is located in Pensacola, Florida.

5. At all times pertinent hereto, Defendant, ERIC ANDERSON, has been a resident of Florida and employed by Defendant SHERIFF as a law enforcement officer. He is sued in his individual capacity and is *sui juris*.

6. At all times pertinent hereto, Defendant, JOHN BEARD (collectively with Defendant ANDERSON, "the Individual Defendants"), has been a resident of Florida and employed by Defendant SHERIFF as a law enforcement officer. He is sued in his individual capacity and is *sui juris*.

**CONDITIONS PRECEDENT**

7. Letters of Administration were issued by Escambia County Circuit Judge Thomas Dannheisser on November 21 2017 under Case no. 17-CP-1140.

8. Written notice of intent to initiate litigation was submitted to Defendant SHERIFF on January 27 2017, pursuant to §768.28, Fla.Stats.

9. All other conditions precedent to bringing this action have been fulfilled, if any.

## STATEMENT OF ULTIMATE FACTS

10.     On December 1 2014, Decedent was observed wearing only a shirt during the early morning hours and running into trees and vehicles with his body.

11.     In an attempt to subdue Decedent and handcuff him, Defendant BEARD and, upon information and belief, Defendant ANDERSON, excessively tased Decedent numerous times.

12.     Decedent should never have even been tased in the first place considering the obvious significant impairment of his mental faculties.

13.     Moreover, Decedent was approximately 130 pounds and five feet, seven inches tall at the time he was attacked by Defendants BEARD and ANDERSON, each of whom therefore possessed a clear size advantage over Decedent.

14.     In addition, Decedent had well-documented disabilities at the time of his attack by these Defendants. Such disabilities were obvious and immediate apparent upon looking at him.

15.     By way of example, in early 2007, Decedent received an honorable discharge from the United States Air Force after being found by Dr. Teg W. McBride to be "unfit for further military service."

16.     This finding by Dr. McBride was made after diagnosing Plaintiff with the following: "DSM-IV TR 309.4, mental health condition: adjustment disorder with mixed disturbance of emotion and conduct and DMS-IV TR 301.9, personality disorder with mental retardation: personality disorder not otherwise specified."

17.     As Decedent posed no threat to Defendants BEARD and ANDERSON, nor to anyone else, and as Decedent displayed no intention of fleeing, these Defendants should have

waited for backup or taken one of several other precautionary measures that posed significantly less risk of injury to persons such as Decedent.

18.     Nonetheless, Defendant BEARD and, on information and belief, Defendant ANDERSON, repeatedly tased Decedent and/or battered him, causing him to go into cardiac arrest.

19.     Paramedics were called to the scene and CPR was performed on Decedent, and he was then intubated and taken to the emergency room at Baptist Hospital in Pensacola, Florida, where he was transferred to the ICU and put on life support.

20.     Decedent underwent a physical examination upon his arrival at Baptist Hospital, as described in a report authored by attending physician Mohamed Helmi, M.D.

21.     Specifically, in describing Decedent's history leading to present illness, Dr. Helmi noted, "The patient was tazed 4-5 times per the police officers to calm him down and put him into custody."

22.     Further, in his assessment and plan, Dr. Helmi noted, "[s]tatus post cardiac arrest" and "[r]espiratory failure." Decedent ultimately died.

23.     Subsequently, on December 17 2014, Andrea Minyard, M.D., of the Medical Examiner's office for Florida District 1, conducted an autopsy of Decedent.

24.     In her autopsy report, which was completed on March 9 2015, Dr. Minyard set forth Decedent's "manner of death" as "[h]omicide."

25.     Subsequently, on March 13 2015, the Florida Bureau of Vital Statistics issued the death certificate of Decedent.

26.     Consistent with the autopsy report, the "[m]anner of death" set forth in the death certificate provides, and only provides, "[h]omicide."

27. Moreover, the death certificate lists the "[t]ime of injury" as 6:15 a.m., which is four (4) minutes after Defendants BEARD and ANDERSON arrived on the scene and eight (8) minutes after they were dispatched to the scene, indicating the unlikelihood that any substances which might have been ingested could have played any role in Decedent's death.

28. Decedent stayed on life support until December 15 2014, when his family made the decision to remove life support, and he died. Decedent's date of birth was November 24 1986, and he was twenty-eight (28) years of age at the time of his death.

29. At the time of his death, Decedent was married to Rebecca Healey (l/n now BRIDGES), Plaintiff in this action, who has suffered the loss of Decedent's financial and emotional support, companionship, and protection, and has experienced mental pain and suffering from the date of Decedent's injury on December 1 2014.

30. At the time of his death, Decedent was the father of a minor child, Kiari Healey ("the Minor"), who was born on September 10 2008, in Pensacola, Florida.

31. Because of Decedent's death, the Minor has experienced, and will continue to experience, lost parental financial and emotional support, companionship, instruction and guidance, and has experienced mental pain and suffering from the date of Decedent's injury on December 1 2014.

32. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under applicable law.

**COUNT I-WRONGFUL DEATH (against Defendant SHERIFF)**

33. Paragraphs 1-32 above are re-alleged and incorporated.

34. This count sets forth a claim against Defendant SHERIFF for wrongful death, brought under §768.16, *et seq.*, Fla.Stats. This count is pled in the alternative, and for purposes of this count, at pertinent times one or both of Defendants BEARD and ANDERSON were acting within the scope of his/their employment by Defendant SHERIFF.

35. Defendant SHERIFF caused the death of Decedent, intentionally, recklessly or negligently, in violation of §768.16, *et seq.*, Fla.Stats., and also in violation of §782.04, Fla.Stats. (Murder) or of §782.07, Fla.Stats. (Manslaughter).

36. The acts of Defendant SHERIFF were the proximate cause and direct cause of the death of Decedent.

37. Plaintiff seeks all wrongful death damages allowable under §768.21, Fla.Stat., for the estate and for the statutory survivors.

**COUNT II-WRONGFUL DEATH (against the Individual Defendants)**

38. Paragraphs 1-32 above are re-alleged and incorporated.

39. This count sets forth claims against the Individual Defendants for wrongful death, brought under §768.16, *et seq.*, Fla.Stats. This count is pled in the alternative, and for purposes of this count, at pertinent times the Individual Defendants were acting outside the scope of their employment by Defendant SHERIFF.

40. The Individual Defendants caused the death of Decedent, intentionally, recklessly or negligently, in violation of §768.16, *et seq.*, Fla.Stats., and also in violation of §782.04, Fla.Stats. (Murder) or of §782.07, Fla.Stats. (Manslaughter).

41. The acts of the Individual Defendants were the proximate cause and direct cause of the death of Decedent.

42. Plaintiff seeks all wrongful death damages allowable under §768.21, Fla.Stat., for the estate and for the statutory survivors.

## COUNT III-FOURTH AMENDMENT VIOLATION-EXCESSIVE FORCE
**(against the Individual Defendants)**

43. Paragraphs 1-32 above are re-alleged and incorporated.

44. This count sets forth claims against the Individual Defendants for use of excessive force in violation of the Fourth Amendment to the United States Constitution. This claim is brought through 42 U.S.C. §1983. These Defendants are persons under the laws applicable to this claim.

45. These Defendants acted in violation of Decedent's right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution, applicable to these Defendants through the Fourteenth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

46. These Defendants are persons under applicable law and are liable to Plaintiff for their conduct, individually and in concert with other Defendants, in violation of the civil rights of Decedent under the Fourth Amendment to the United States Constitution.

47. These Defendants exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

48. These Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violations of Decedent's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

49. The foregoing actions of these Defendants were willful, wanton and in reckless disregard of Decedent's rights, and were taken without any lawful justification and/or in the absence of probable cause.

50. The extreme physical abuse by law enforcement officers of this state is not part of the penalty that citizens have to pay prior to, during and/or after being charged with criminal offenses, and such physical abuse determined a cognizable claim of excessive use of force in violation of the Fourth Amendment.

51. These Defendants knew or should have known that the amount of force used, even if they were effectuating the valid arrest of Decedent, was excessive given the circumstances present and the clearly established law on use of force.

52. Based upon the facts presented to these Defendants and applicable law, no reasonable law enforcement officer could have concluded that there existed any reasonable cause to batter, abuse, tase, and torture Decedent.

53. The law was well settled and clearly established that the actions of these Defendants constituted the excessive use of force under the Fourth Amendment to the United States Constitution at the time such actions were taken.

54. The actions or inactions of these Defendants as set forth in part above constituted deliberate indifference and reckless disregard for the safety of Decedent when they knew of and disregarded risks to Decedent's health and safety, and thus, their actions or inactions constituted excessive uses of force in violation of the Fourth Amendment to the United States Constitution.

55. These Defendants also failed to take reasonable steps to ensure Decedent's safety when they knew or should have known that a sufficiently serious danger to Decedent existed

because of their actions toward him, which constituted deliberate indifference and the excessive use of force in violation of the Fourth Amendment of the United States Constitution.

56. The failure of these Defendants to take any reasonable steps to ensure Decedent's health and safety when they knew of serious bodily harm and damage to Decedent's mental and physical health that they inflicted upon him constituted the excessive use of force in violation of the Fourth Amendment of the United States Constitution.

57. The brutal physical assault, battery, and tasing of Decedent violated the Fourth Amendment's proscription against the excessive use of force.

58. The violations of Decedent's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

59. As a direct and proximate result of these Defendants' actions, Decedent was damaged, which damages are recoverable by Plaintiff, such damages including: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. Defendants are jointly and severally liable to Plaintiff for the unlawful conduct alleged herein. Plaintiff is also entitled to an award of punitive damages under this count.

**COUNT IV-FOURTH AMENDMENT VIOLATION-EXCESSIVE FORCE**
**(against Defendant SHERIFF)**

60. Paragraphs 1-32 above are re-alleged and incorporated.

61. This count sets forth a claim against Defendant SHERIFF for the use of excessive force in violation of the Fourth Amendment to the United States Constitution, applicable to this Defendant through the Fourteenth Amendment to the United States Constitution. This claim is brought through 42 U.S.C. §1983.

62. This Defendant, through its agents and employees, including the Individual Defendants, used excessive force against Decedent as described in part above, without consent or lawful authority. This Defendant is a person under the laws applicable to this claim.

63. This Defendant, through its agents and employees, intended to cause this harmful and offensive contact with Decedent in that the harmful acts were deliberate and substantially certain to result in harm and offense.

64. This Defendant, through its agents and employees, operated to violate Decedent's right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

65. This Defendant, through its agents and employees, further operated to violate Decedent's civil rights as protected by the Civil Rights Act, 42 U.S.C. §1983. Defendants are jointly and severally liable to Plaintiff for their conduct, individually and in concert, in violation of the civil rights of Decedent under the Fourth Amendment to the United States Constitution.

66. This Defendant, through its agents and employees, exceeded the level of force necessary to enforce compliance with lawful commands.

67. This Defendant misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law.

68. The violations of Decedent's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

69. The foregoing actions of this Defendant were taken without any lawful justification and/or in the absence of probable cause.

70. The extreme and repetitive physical abuse by law enforcement officers of this state is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense, and such abuse determined a cognizable claim of excessive use of force in violation of the Fourth Amendment.

71. Through its employees and agents, this Defendant knew or should have known that the amount of force used, even if it was effectuating a valid arrest of Decedent, was excessive given the circumstances present and the clearly established law on use of force.

72. Based upon the facts presented to this Defendant and the applicable law, no reasonable law enforcement officer or agency could have concluded that there existed any reasonable cause to batter, abuse, tase, and torture Decedent.

73. The actions or inactions of this Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Decedent when it knew of and disregarded risks to Decedent's health and safety, and thus its actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to the United States Constitution.

74. This Defendant also failed to take reasonable steps to ensure Decedent's safety when it knew or should have known that a sufficiently serious danger to Decedent existed because of its actions toward him which constituted deliberate indifference, and the excessive use of force in violation of the Fourth Amendment of the United States Constitution.

75. The failure of this Defendant to take any reasonable steps to ensure Decedent's health and safety when it knew of serious bodily harm and damage to Decedent's mental and physical health that it had inflicted upon him constituted the excessive use of force in violation of the Fourth Amendment of the United States Constitution.

76. The brutal physical assaults, battery, and tasing of Decedent violated the Fourth Amendment's proscription against the excessive use of force.

77. The violations of Decedent's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

78. This Defendant acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to persons like Decedent.

79. This Defendant failed to implement adequate hiring, training, staffing and supervisory procedures to properly distinguish instances in which force is legitimately used from those in which it is not, as a direct result of which Decedent was beaten and injured by its agents and employees.

80. This Defendant failed to implement adequate procedures to investigate constitutional violations by its officers and deputies and to impose discipline on its officers and deputies, and thus failed to discipline them when they engaged in constitutional violations.

81. Sheriff Morgan was an official with final policymaking authority for Defendant SHERIFF. He was responsible for hiring, training, and supervising law enforcement officers who worked under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.

82. At all times referred to herein, this Defendant acted under color of law and failed to train, supervise, investigate and discipline the Individual Defendants as alleged herein.

83. This Defendant's failure to train, supervise, investigate and discipline the Individual Defendants constituted either an improper policy or the absence of a policy of this Defendant, which resulted in deliberate indifference to the constitutional rights of Decedent.

84. This Defendant, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline the Individual Defendants, which established a policy, by a final policymaker, that directly or indirectly resulted in violations of Decedent's constitutional rights.

85. As a direct and proximate result of this Defendant's actions, Decedent was damaged, which damages are recoverable by Plaintiff, such damages including: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. Defendants are jointly and severally liable to Plaintiff for the unlawful conduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this court take jurisdiction over this cause;

(b) that this court enter judgment against Defendants and for Plaintiff granting equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) that this court enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages,

including damages for economic loss, to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) that this court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff costs and attorney's fees where allowed by law;

(f) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff interest where appropriate;

(g) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff punitive damages against the Individual Defendants; and

(h) that this court grant such other and further relief as is just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted:

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by email and e-file this 12th day of February, 2018.

/s/ Marie A. Mattox
Marie A. Mattox